**IT IS ORDERED as set forth below:**



**Date: November 13, 2017**

_____

**Mary Grace Diehl
U.S. Bankruptcy Court Judge**

_____

### UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF GEORGIA
### ROME DIVISION

| | |
|---|---|
| In re: | CASE NUMBER |
| **VINOD LAXMIDAS PATEL**, | **17-57865-MGD** |
| Debtor. | CHAPTER 13 |
| **VINOD LAXMIDAS PATEL**, | |
| Movant, | |
| v. | CONTESTED MATTER |
| **PRESIDENTIAL REALTY, INC.**, | |
| Respondent. | |

### ORDER GRANTING MOTION TO AVOID LIEN
### TO THE EXTENT THAT IT IMPAIRS A VALID EXEMPTION

This matter comes before the Court on Debtor's *Motion to Avoid Judicial Lien on Exempt Property*, filed on July 12, 2017 ("Motion"). (Docket No. 20). A *Creditor's Opposition to Debtor's Motion to Avoid Lien under 11 U.S.C. § 522(f)* was filed by Som R. Sharma

1

("Respondent") on July 28, 2017 (the "Response").  (Docket No. 29).  Motion and the Response were scheduled for an evidentiary hearing on November 9, 2017, at 2:00 p.m. (the "Hearing"). Counsel for Debtor appeared at the Hearing in support of the Motion, and counsel for Respondent appeared in opposition.  Additionally, Debtor offered the testimony of David R. Baldwin and Norm Reid in support of the Motion.  Respondent offered the testimony of Michael Nix in opposition.

According to the Response, Respondent and/or Osta Realty Inc. is the actual holder of the lien referenced in the Motion.  Response at *2, ¶ 6.  Respondent has also filed a proof of claim in the amount of $258,003.83, classifying $92,025.50 as secured and $165,978.33 as unsecured. Proof of Claim No. 2-1.  Central to the Motion and Response was the value of real property in which the Debtor has a one-half interest, located at 3508 Emperor Way, Tucker, Georgia 30084 (the "Property").  In the Motion and his schedules (Docket No. 1), Debtor asserted that the value of the Property is $209,000.  Respondent asserted that the value of the Property is $390,000. Each party based value on conducted appraisals.  It is undisputed that the lien in question is a second-priority lien, junior to a lien held by SunTrust on the Property in the amount of $49,549.00. The Debtor has also claimed an exemption of $20,700 in the value of the property, pursuant to O.C.G.A. § 44-13-100(a)(1).  No party has objected to this claim of exemption.

After review of the Motion, the Response, and the Docket in this case, arguments made at the Hearing, and for the reasons stated on the record, which are incorporated herein under Federal Rule of Bankruptcy Procedure 7052, adopting Federal Rule of Civil Procedure 52, as applicable herein through Federal Rule of Bankruptcy Procedure 9014(c),

**THE COURT FINDS** that the value of the Property is **$290,000**; that, after deducting the first-priority lien, and then deducting the Debtor's claimed exemption of $20,700 from the Debtor's one-half interest in the Property, the **COURT FINDS** that, subject to objection to Respondent's claim, Respondent has a **SECURED** claim in the amount of **$99,525.50** and an **UNSECURED** claim in the amount of **$158,478.33**.   And it is

**ORDERED** that the judicial lien held by Respondent upon property of Debtor is **AVOIDED** to the extent that such lien impairs an exemption to which Debtor would have been entitled pursuant to 11 U.S.C. § 522(b), i.e., to the extent of $158,478.33.

The Clerk is directed to serve a copy of this Order upon Debtor, counsel for Debtor, Respondent, counsel for Respondent, the chapter 13 trustee, the Acting United States Trustee, and all parties in interest to the Motion and Response.

**[END OF DOCUMENT]**