UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | * | Case No: 17-57865 |
| Vinod Laxmidas Patel, | * | Chapter 13 |
| Debtor. | * | |

**FOURTH AMENDED CHAPTER 13 PLAN**

Extension [  ]                                                                 Composition [ x ]

**You should read this Plan carefully and discuss it with your attorney.   Confirmation of this Plan by the Bankruptcy Court may modify your rights by providing for payment of less than the full amount of your claim, by setting the value of the collateral securing your claim, and/or by setting the interest rate on your claim.**

**SPECIAL NOTICE TO SUNTRUST BANK, N.A. and RESIDENTIAL REALTY, INC: This Plan proposes to bifurcate or strip your liens.  See paragraph 6(B) and 10(f) below.**

Vinod Laxmidas Patel, hereinafter called "Debtor," proposes this Chapter 13 Plan:

1.  **Submission of Income.**  Debtor submits to the supervision and control of the Chapter 13 Trustee ("Trustee") all or such portion of future earnings or other future income of Debtor as is necessary for the execution of this Plan.

2.  **Plan Payments and Length of Plan.**  Debtor will pay the sum of **$3,035.00** per month ("Monthly Payment") to Trustee by [X] Payroll Deduction(s) or by [ ] Direct  Payment(s) for the applicable commitment period of **36 months**, unless all allowed claims in every class, other than long-term claims, are paid in full in a shorter period of time. The term of this Plan shall not exceed sixty (60) months.  *See* 11 U.S.C. §§ 1325(b)(1)(B) and 1325(b)(4).   Each pre-confirmation plan payment shall be reduced by any pre-confirmation adequate protection payment(s) made pursuant to Plan paragraph 6(A)(i) and § 1326(a)(1)(C).

        The following alternative provision will apply if selected:

        [  ]   IF CHECKED, Plan payments will increase by $_____ on _____ upon completion or termination of _____.

3.  **Claims Generally.  The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief.**  An allowed proof of claim will be controlling, unless the Court orders otherwise.  Objections to claims may be filed before or after confirmation.

4.  **Administrative Claims**. Trustee will pay in full allowed administrative claims and expenses pursuant to §507(a)(2) as set forth below, unless the holder of such claim or expense has agreed to a different treatment of its claim.
        (A).  **Trustee's Fees.** The Trustee shall receive a statutory fee in an amount established by the Attorney General and the United States Trustee.
        (B).  **Debtor's Attorney's Fees.**  Debtor and Debtor's attorney have agreed to a base attorney fee in the amount of **$3,000.00** for the services identified in the Rule 2016(b) disclosure statement filed in this case. The amount of **$0.00** was paid prior to the filing of the case. The Trustee shall disburse the unpaid amount of the fee, **$3,000.00**, as allowed under General Order 18-2015, as follows: (1) Upon the first disbursement following confirmation of a Plan, the Trustee shall disburse to Debtor's attorney from the funds available and paid into the office of the Trustee by Debtor or on Debtor's behalf, up to **$3,000.00** after the payment of any payments under 11 U.S.C. § 1326(a)(1)(B) or (C) and administrative fees. The remaining balance of the fees shall be paid up to **$1,842.00** per month until the fees are paid in full; (2) If the case is converted prior to confirmation of the plan, Debtor directs the Trustee to pay fees to Debtor's attorney from the funds available of $2,000.00; (3) If the case is dismissed prior to confirmation of the plan, fees for Debtor's attorney of $2,000.00 as set forth on the 2016(b) disclosure statement are allowed pursuant to General Order 18-2015 and shall be paid by the Trustee from the funds available without a fee application. Debtor's attorney may file a fee application for fees sought over $2,000.00 within 10 days of the Order of Dismissal; (4) If the case is converted after confirmation of the plan, Debtor directs the Trustee to pay to Debtor's attorney from the funds available, any allowed fees which are unpaid; and (5) If the case is dismissed after confirmation of the plan, Trustee shall pay to Debtor's attorney from the funds available, any allowed fees which are unpaid.
        (C).  **Non-Base Services.**  Debtor and Debtor's attorney have further agreed that Debtor's attorney may be paid for "non-base services" as they are performed on an as-needed basis. These "non-base" services, and the agreed fee for each, are identified in paragraph 6 of the Rule 2016(b) disclosure statement in this case. Upon completion of a "non-base" service, Debtor's attorney may file an application with the Court, serving all parties in interest with notice of the application and providing an opportunity to be heard on the matter. If the "non-base" fee is approved by the Court, then the non-base fee shall be added to any unpaid balance of the base fee and paid in accordance with paragraph (4)(B) above. If the base fee has been paid in full, then the non-base fee shall be paid at the rate of up to **$2,062.00** per month, and the distributions to creditors shall be reduced, *pro rata,* by that amount until the non-base fee is paid in full.

5.  **Priority Claims**.
        A.   **Domestic Support Obligations**. Debtor authorizes that any post-petition domestic support obligation payments may be paid through a state or superior court income deduction order.  Further, DCSS may utilize review and modification procedures of the domestic support obligation when allowed under state law as detailed in 11 U.S.C. § 362(b)(2).

        [ x ]  None.  If none, skip to Plan paragraph 5(B).
                I. Debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim.

II. The name(s) and address(es) of the holder of any domestic support obligation are as follows. *See* 11 U.S.C. §§ 101(14A) and 302(b)(6).

|  |
|--|
|  |

III. Anticipated Domestic Support Obligation Arrearage Claims

a) Unless otherwise specified in this Plan, priority claims under 11 U.S.C. § 507(a)(1) will be paid in full pursuant to 11 U.S.C. § 1322(a)(2). These claims will be paid at the same time as claims secured by personal property, arrearage claims secured by real property, and arrearage claims for assumed leases or executory contracts.

[x] None; or

| Creditor (Name and Address) | Estimated Arrearage Claim | Projected Monthly Arrearage Payment |
|---|---|---|
|  |  |  |

b) Pursuant to §§ 507(a)(1)(B) and 1322(a)(4), the following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit.

[x] None; or

Claimant and proposed treatment:

|  |
|--|
|  |

B. **Other Priority Claims (e.g., tax claims).** All other allowed priority claims will be paid in full, but will not be funded until after all secured claims, lease arrearage claims, and domestic support claims are paid in full.

| Creditor | Estimated Claim |
|---|---|
| Internal Revenue Service | $0.00 |
| Georgia Department of Revenue | $0.00 |

6. **Secured Claims**.
    A. **Claims Secured by Personal Property Which Debtor Intends to Retain**.
        I. **Pre-confirmation adequate protection payments**. No later than 30 days after the date of the filing of this plan or the order for relief, whichever is earlier, the Debtor shall make the following adequate protection payments to creditors pursuant to § 1326(a)(1)(C). If the Debtor elects to make such adequate protection payments on allowed claims to the Trustee pending confirmation of the plan, the creditor shall have an administrative lien on such payment(s), subject to objection. If Debtor elects to make such adequate protection payments directly to the creditor, Debtor shall provide evidence of such payment to the Trustee, including the amount and date of the payment.

Debtor shall make the following adequate protection payments:

[ ] directly to the creditor; or

[ ] to the Trustee pending confirmation of the plan.

| Creditor | Collateral | Adequate protection payment amount |
|---|---|---|
| None. |  |  |

II. **Post confirmation payments**. Post-confirmation payments to creditors holding claims secured by personal property shall be paid as set forth in subparagraphs (a) and (b). If Debtor elects to propose a different method of payment, such provision is set forth in subparagraph (c).

a) **Claims to Which § 506 Valuation is NOT Applicable.** Claims listed in this subsection consist of debts secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. *See* § 1325(a)(5). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the amount of the claim in column (d) with interest at the rate stated in column (e). Upon confirmation of the plan, the interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

[X] None; or

| Creditor | Collateral | Purchase Date | Claim Amount | Interest Rate | Monthly Payment |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

b) **Claims to Which § 506 Valuation is Applicable**. Claims listed in this subsection consist of any claims secured by personal property not described in Plan paragraph 6(A)(ii)(a). After confirmation of the plan, the Trustee will pay to the

holder of each allowed secured claim the monthly payment in column (f) based upon the replacement value as stated in column (d) or the amount of the claim, whichever is less, with interest at the rate stated in column (e). The portion of any allowed claim that exceeds the value indicated below will be treated as an unsecured claim. Upon confirmation of the plan, the valuation and interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

[X] None; or

| Creditor | Collateral | Purchase Date | Replacement Value | Interest Rate | Monthly Payment |
|---|---|---|---|---|---|
| | | | | | |

B.  **Claims Secured by Real Property Which Debtor Intends to Retain**.
Trustee may pay the Creditors listed below at the monthly rate indicated below until paid in full. Trustee will pay interest on the claims upon request, unless an objection to the claim is filed and an order is entered disallowing the requested interest.

**AMENDED**

| Creditor | Property Description | Claim Amount | Projected Monthly Arrearage Payment |
|---|---|---|---|
| SunTrust Bank, N.A.* | 3508 Emperor Way, Tucker, GA 30084 | $50,000.00 | $100.00 |
| Post confirmation payments to SunTrust Bank, N.A. shall increase to $910.00 in October 2017.  SunTrust's claim shall befunded with 5% interest. | | | |
| ~~Presidential Realty, Inc.~~* Som Sharma * | 3508 Emperor Way, Tucker, GA 30084 | $100,225.50 | $100.00 |
| Post confirmation payments to ~~Presidential Realty, Inc.~~ Som Sharma shall increase to $1,809.00 in October 2017. Presidential Realty, Inc.'s claim shall be funded with 5% interest. | | | |
| G M Patel * | 3508 Emperor Way, Tucker, GA 30084 | N/A | N/A |
| DeKalb County Tax Commissioner | 3508 Emperor Way, Tucker, GA 30084 | $5,216.00 | $95.00 |

**SUNTRUST BANK, N.A.**
Debtor shall pay the entire amount due to SunTrust Bank, N.A. through Chaper 13 plan payments for the first priority deed to secure debt securing the property commonly known as 3508 Emperor Way, Georgia, 30084 ("Property").

**PRESIDENTIAL REALTY**
This Chapter 13 plan shall treat the security interest held by ~~Presidential Realty, Inc.~~ Som Sharma ("Presidential") in residential property on the second-priority Fifi, commonly known as 3508 Emperor Way, Tucker, GA 30084 ("Property") as secured up to the fair market value in the amount of ~~$55,618.00~~ $100,225.50 with any amount in excess of the fair market value to be treated as a general unsecured claim for all purposes within the underlying Chapter 13 proceeding. Presidential's security interest in the Property in excess of ~~$34,251.00~~ $100,225.50 shall be declared void and ordered extinguished upon completion of Chapter 13 plan payments in this case and upon full payment of Presidential's secured claim ($100,225.50). At the completion of all payments required under the plan, any unsecured amount owed to Creditor regarding this property shall be determined void and the lien on the Property shall terminate and be released by the creditor pursuant to 11 U.S.C. § 1328, unless the Court enters an Order terminating the automatic stay prior to plan completion, and Creditor shall update the Fulton County property records to release the lien on the Property in accordance with the provisions of Georgia law.

G M Patel - See section 10(a).

C.  **Surrender of Collateral**.
Debtor will surrender the following collateral no later than thirty (30) days from the filing of the petition unless specified otherwise in the Plan.  Any claim filed by a secured lien holder whose collateral is surrendered will be treated as unsecured. Any involuntary repossession/foreclosure prior to confirmation of this Plan must be obtained by a filed motion and Court order, unless the automatic stay no longer applies under § 362(c).  Upon Plan confirmation, the automatic stay will be deemed lifted for the collateral identified below for surrender and the creditor need not file a Motion to Lift the Stay in order to repossess, foreclose upon or sell the collateral. Nothing herein is intended to lift any applicable co-Debtor stay, or to abrogate Debtor's state law contract rights.

| Creditor | Collateral to be Surrendered |
|---|---|
| Georgia Inn Beach Club | Timeshare |

7.  **Unsecured Claims**. Debtor estimates that the total of general unsecured debt not separately classified in Plan paragraph 10 is $19,863.00.  After all other classes have been paid, Trustee will pay to the creditors with allowed general unsecured claims a pro rata share of $0.00 or 0%, whichever is greater. Trustee is authorized to increase this dollar amount or percentage, if necessary, in order to comply with the applicable commitment period stated in paragraph 2 of this Plan.

8.  **Executory Contracts and Unexpired Leases.**  The following executory contracts and unexpired leases are assumed, and payments due after the filing of the case will be paid directly by Debtor, not through Trustee, as set forth below in column (c). Debtor proposes to cure any default by paying the arrearage on the assumed leases or contracts in the amounts projected in column (d) at the same time that payments are made to secured creditors. All other executory contracts and unexpired leases of personal property are rejected upon conclusion of the confirmation hearing.

| (a)<br>Creditor | (b)<br>Nature of Lease or<br>Executory Contract | (c)<br>Payment to be paid directly by the<br>Debtor | (d)<br>Projected Arrearage monthly<br>payment through plan |
|---|---|---|---|
| N/A | | | |

9. **Property of the Estate.**  Property of the estate shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise.

10. **Other Provisions:**
a)  **Special classes of unsecured claims.**  The debt to G M Patel is currently in deferment.  If is debt comes out of deferment during the pendency of the bankruptcy, it will be funded directly by the co-debtor, Aruna Patel.  Any claim filed by G M Patel shall not be funded in this case.
b)  **Other direct payments**. None.
c)  **Other allowed secured claims**. A proof of claim which is filed and allowed as a secured claim, but is not treated specifically under the plan, shall be funded with 0% interest as funds become available after satisfaction of the allowed secured claims which have been treated by the plan and prior to payment of allowed non-administrative priority claims (except domestic support obligation claims as set forth in paragraph 5(A), above) and general unsecured claims.  Notwithstanding the foregoing, the Debtor or any other party in interest may object to the allowance of the claim.
d)  **Fees under 3002.1(c).**  Any fees, expenses, or charges asserted under Fed.R.Bankr.P. 3002.1(c) shall not be funded through the Chapter 13 plan.  Debtor will pay these post-petition expenses outside the plan unless the Court has disallowed them on a Motion filed under Fed.R. Bankr. P. 3002.1(e).
e)  **Claim subject to lien avoidance pursuant to 11 U.S.C. § 522(f)**:  The allowed secured claim of each creditor listed below shall not be funded until all allowed, secured claims which are being treated by the plan are satisfied. If an order is entered avoiding the creditor's lien, the creditor's claim shall be treated as a general, unsecured claim to the extent it is not otherwise secured by property of the estate and treated by the plan. To the extent that the creditor's lien is not avoided and is not otherwise treated by the plan, the secured claim shall be funded as set forth in the above paragraph. This paragraph shall apply to the following creditors:

**Presidental Realty and Som Sharma** Lien shall be treated as general unsecured claims, in whole or in part, upon entry of an Order granting Debtor's Motion to Avoid Lien pursuant to 11 U.S.C. §§ 506(a), 506(d), 522 and 1322(b)(2); *see also In Re Tanner*, 217 F.3d 1357 (11th Cir. 2000). Upon completion of plan payments, these second priority liens on real estate shall be void.

Dated this Tuesday, November 14, 2017.

_____ /s/
Charles M. Clapp, Attorney for Debtor
GA Bar No. 101089
5 Concourse Parkway NE, Suite 3000
Atlanta, Georgia 30328
(404) 585-0040 (Office)
(404) 393-8893 (Fax)
charles@lawcmc.com

_____ /s/
Vinod Laxmidas Patel, Debtor.